UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, a Delaware limited liability limited partnership; NEW LINE CINEMA CORPORATION, a Delaware corporation; COLUMBIA PICTURES INDUSTRIES, INC., a Delaware corporation; WARNER BROS. ENTERTAINMENT INC., a Delaware corporation; DISNEY ENTERPRISES, INC., a Delaware corporation; TWENTIETH CENTURY FOX FILM CORPORATION, a Delaware corporation; PARAMOUNT PICTURES CORPORATION, a Delaware corporation; SONY PICTURES HOME ENTERTAINMENT INC., a Delaware corporation; and NEW LINE PRODUCTIONS, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> DOES 1 - 28, <br><br> Defendants. | Civil Action No.: |

**PLAINTIFFS' OPPOSITION TO MOTION OF DOE #4 TO QUASH DUE TO LACK OF PERSONAL JURISDICTION AND SUPPORTING AFFIDAVIT**

**Preliminary Statement**

Plaintiffs file this opposition to the motion filed by John Doe #4 ("Doe #4") seeking to quash Plaintiffs' subpoena to Verizon Internet Services, Inc. The Court should deny Doe #4's motion because personal jurisdiction is an unjustifiable basis for denying discovery, it is premature for Doe #4 to raise this defense now when Doe #4 has asserted facts which are impossible to test, and in fact, there is a basis for personal jurisdiction in this District over Doe #4. Plaintiffs respectfully request that Doe #4's motion be denied.

Plaintiffs, among the world's leading motion picture studios, filed this action against 28 Doe Defendants to stop them from copying and distributing to others over the Internet unauthorized copies of copyrighted motion pictures. As alleged in the complaint, Defendants are all subscribers of Verizon Internet Services, Inc.'s ("Verizon") Internet service. Without authorization, each Defendant, through his or her Verizon service, used an online file-sharing media distribution system to download Plaintiffs' copyrighted motion pictures and distribute Plaintiffs' copyrighted motion pictures to other users on the P2P network, including by making Plaintiffs' copyrighted motion pictures available for distribution to others. *See* Complaint. Because Defendants used fictitious network names or pseudonyms when they copied and distributed Plaintiffs' copyrighted works, Plaintiffs do not know the Defendants' actual identities. *See* Declaration of Chad Tilbury ("Tilbury Decl."), ¶ 6.[1] Plaintiffs identified each Defendant by a unique Internet Protocol ("IP") address assigned to that Defendant by Verizon on the date and at the time of the Defendant's infringing activity. *See* Declaration of Thomas Carpenter ("Carpenter Decl."), ¶¶ 8-13. Plaintiffs were also able to identify Verizon as the provider of Internet access to each Defendant. *See* Carpenter Decl., ¶¶ 9-12.

On June 2, 2005, Plaintiffs sought leave from this Court to serve limited, immediate discovery on Verizon sufficient to determine the Doe Defendants' true identities. *See* Pls.' Motion for Leave to Take Discovery Prior to Rule 26(F) Conference (the "Discovery Motion"). On June 22, 2005, this Court granted Discovery Motion, and on June 23, 2005, Plaintiffs served

---

[1] All declarations cited to in this brief were filed with Plaintiffs' Motion To Serve Discovery Prior to the Rule 26(f) Conference.

a subpoena seeking the Defendants' identity through their IP address and time of the Defendants' infringing activity.

Doe #4 has filed a motion to quash the subpoena on the basis of personal jurisdiction, claiming that he or she has no "regular contacts" in the District of Columbia. Respectfully, this argument does not provide a basis to quash the subpoena.

## Argument

*First*, the possibility of an ultimate determination of a lack of jurisdiction is not a basis for denying discovery. *See United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76 (1988) ("even if it were ultimately determined that [the court lacked personal jurisdiction], the order or process it issued in the conduct of the litigation would still be valid."). Plaintiffs sought leave in good faith in order to determine the identities or geographic locations of the Defendants so this case could proceed. Verizon did not and could not itself have raised personal jurisdiction as a grounds for refusing to comply because it is indisputably subject to this Court's jurisdiction. Plaintiffs are entitled to use the information obtained through the subpoena and either amend their complaint (at which point any defendant would be free to raise personal jurisdiction on motions to dismiss) or dismiss without prejudice the instant complaint and re-file in another forum against any of the Defendants as individuals.

*Second*, it is premature to raise the defense of personal jurisdiction at this juncture in this case. As mentioned above, the Defendant will have the ability to raise a personal jurisdiction defense via a motion to dismiss when the instant complaint is either amended or re-filed in another forum. At that point, this Court (or any other federal court) would be in a position to evaluate the defense by reviewing the Doe #4's contacts with the district, a process that cannot begin until Doe #4 is identified. The Court would almost certainly authorize discovery into Doe

#4's contacts, or lack thereof, with the forum, beginning with Doe #4's identity and address. Neither the Court nor the Plaintiffs need simply accept Doe #4's untested assertions of lack of contacts with the forum. This is particularly true when Doe #4 appears to live fairly close to the forum — Burtonsville, Maryland, where Doe#4 claims that he or she resides, appears to be approximately 25 miles from the District of Columbia.

*Third*, there is a strong basis for finding that this Court has jurisdiction over Doe #4 (and the other 27 Does). Doe #4 has contacts with the District of Columbia directly related to the conduct in this case. As set forth in Plaintiffs' Discovery Motion, Doe #4 has contracted with Verizon, an entity residing in this judicial district. Plaintiffs have evidence Doe #4 engaged in massive copyright infringement disseminating illegal copies of motion pictures to anyone that wanted them (including residents of this jurisdiction) and downloading copyrighted works from others who offered them (including residents of this jurisdiction). Doe #4 had effectively transformed his/her computer into an interactive Internet site, allowing others to complete transactions (by downloading copyrighted works) over the Internet. It is clear that commercial websites that complete transactions over the Internet may subject themselves to jurisdiction based on even a single transaction. *See Arista Records, Inc. v. Sakfield Holding Company S.L.*, 314 F. Supp. 2d 27, 31 (D.D.C. 2004) (holding that a single transaction over the Internet with a forum state resident is sufficient to support an exercise of jurisdiction). The fact that P2P infringers, like Doe #4, trade copyrighted works rather than sell them is irrelevant to whether the websites are fully interactive. The law of jurisdiction does not distinguish between illegal acts committed in exchange for money and illegal acts committed in exchange for bartered (and illegal) goods.

deny Doe #4's Motion to Quash, so that Plaintiffs may obtain identifying information for all the Doe Defendants herein and proceed with this litigation.

Respectfully submitted,

Dated: 7/29/05

_____
Stanley M. Brand (D.C. Bar No. 213082)
Ross A. Nabatoff (D.C. Bar No. 376665)
Andrew D. Herman (D.C. Bar No. 462334)
Brand Law Group
923 Fifteenth Street, N.W.
Washington, DC 20005
Tel. (202) 662-9700
Fax (202) 737-7565

Christopher A. Mohr (D.C. Bar No. 458599)
Michael R. Klipper (D.C. Bar No. 166074)
MEYER, KLIPPER & MOHR, PLLC
923 Fifteenth Street, N.W.
Washington, DC 20005
Tel.: (202) 637-0850
Fax: (202) 637-0851

*Attorneys for Plaintiffs*