UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
UNIVERSAL CITY STUDIOS, et al.,     )
                                    )
        Plaintiffs,                 )
                                    )
                                    )
    v.                              )   Civil Action. No. 05-1104 (PLF)
                                    )
DOES 1-28,                          )
                                    )
        Defendants.                 )
_____)

MEMORANDUM OPINION AND ORDER

On June 22, 2005, the Court granted plaintiffs' motion for leave to take discovery seeking the identities of the Doe defendants through service of subpoenas on Verizon Internet Services Inc. or any other entity identified as providing network access or online services to one or more of the Doe Defendants. Defendant Doe #4 now moves to quash the subpoena arguing lack of personal jurisdiction. Because this Court does not have sufficient information before it to decide the issue of personal jurisdiction over defendant Doe #4, the Court must deny the defendant's motion to quash as premature and permit jurisdictional discovery with respect to that issue.

I.  BACKGROUND

Plaintiffs filed suit on June 2, 2005, alleging copyright violations by Does 1-28. Plaintiffs averred in their complaint that defendants Does 1-28 distributed or made available for distribution plaintiffs' copyrighted motion pictures via the Internet. See Complaint ¶ 18.

Plaintiffs identified defendants Does 1-28 in their complaint only by their Internet Protocol ("IP") addresses. See Exhibit A to Complaint. Defendant Doe #4 was identified by the IP number 138.88.204.48. Id. at 5. No further information concerning any of the Does' identities was provided by plaintiffs in the complaint.

On the same day that they filed their complaint, plaintiffs filed a motion requesting permission from this Court to pursue expedited discovery for the purpose of identifying the defendants. See Plaintiffs' Motion for Leave to Take Discovery Prior to Rule 26(f) Conference ("Discovery Motion"). In their motion and the accompanying declarations, plaintiffs described how they had acquired the IP addresses of Does 1-28. Id. IP addresses are unique identifiers assigned to an individual Internet network user by an Internet Service Provider ("ISP") when that user logs on to the network. See Declaration of Thomas Carpenter in Support of Plaintiffs' Motion for Leave to Take Discovery Prior to Rule 26(f) Conference, Exhibit B to Discovery Motion ("Carpenter Declaration") ¶ 8. ISPs maintain user logs that track which subscriber to their service is using an IP at a given time. Id.

Plaintiffs retained an online anti-piracy service, MediaSentry, to investigate the unauthorized distribution of their copyrighted motion pictures. See Declaration of Chad Tilbury in Support of Plaintiffs' Motion for Leave to Take Discovery Prior to Rule 26(f) Conference, Exhibit B to Discovery Motion ¶ 8. Plaintiffs gave MediaSentry a list of copyrighted motion pictures for which to search. Carpenter Declaration ¶ 5. MediaSentry conducted Internet searches and reviewed data logs to determine which, if any, network users were offering audiovisual files for distribution whose titles matched those on the list of copyrighted motion pictures. When a network user was identified, MediaSentry downloaded (i.e., recorded) the time

and date of the distribution, the IP address assigned to the user, and the data in the file. Carpenter Declaration ¶ 7. Plaintiffs subsequently reviewed the data in each of the downloaded files to ensure that they indeed contained the copyrighted motion pictures listed. See Declaration of R. Christopher Harshman in Support of Plaintiffs' Motion for Leave to Take Discovery Prior to Rule 26(f) Conference, Exhibit B to Discovery Motion ¶¶ 3-4. Doe #4's IP address - 133.88.204.48 - was one of the 28 identified by plaintiffs in this investigative process as belonging to a network user allegedly distributing unauthorized copyrighted material. See Exhibit A to Complaint at 5. As each IP address was identified, MediaSentry sent an e-mail to the relevant ISP, Verizon Internet Services, Inc., requesting that it retain records necessary to identify the subscriber associated with the IP address. See Carpenter Declaration ¶ 12.

## II. DISCUSSION

Defendant Doe #4 objects to enforcement of the subpoena on the ground that this Court lacks personal jurisdiction over him. See Defendant's Motion to Quash Due to Lack of Personal Jurisdiction and Supporting Affidavit ("Motion to Quash"). In support of this argument, he provides an affidavit incorporated in the body of the motion attesting that he does not have regular business or personal contacts with the District of Columbia. Id. at 1-2.[1] Plaintiffs respond first, that the ultimate determination of lack of jurisdiction should not preclude discovery; second, that the defense has been raised prematurely; and third, that this Court can assert personal jurisdiction over Doe #4 based on the evidence collected by plaintiffs thus far.

---

[1] The affidavit and motion are signed by "John Doe" with no further information provided as to Doe #4's identity or the identity of an attorney or agent upon whom service can be made.

See Plaintiffs' Opposition to Motion of Doe #4 to Quash Due to Lack of Personal Jurisdiction and Supporting Affidavit at 3-4.

As the United States Court of Appeals for the District of Columbia Circuit has recognized, "[d]iscovery under the Federal Rules of Civil Procedure is . . . broad in scope and freely permitted," Naartex Consulting Corp. v. Watt, 722 F.2d 779, 788 (D.C. Cir. 1983), and the district court has "broad discretion in discovery matters." Marine Petroleum Co. v. Champlin Petroleum Co., 641 F.2d 984, 991 (D.C. Cir. 1979) (citations omitted). See also In re Multi-Piece Rim Products Liability Litigation, 653 F.2d 671, 679 (D.C. Cir. 1981) ("A district court has broad discretion in its resolution of discovery problems that arise in cases pending before it.") This proposition holds "no less true when discovery is directed to personal jurisdiction." Edmond v. United States Postal Serv. Gen. Counsel, 949 F.2d 415, 425 (D.C. Cir. 1991) (citing Naartex Consulting Corp. v. Watt, 722 F.2d at 788).

This Court is not merely within its discretion to order jurisdictional discovery, but it is obligated to do so at this stage. See Gorman v. Ameritrade Holding Corp., 293 F.3d 506, 510 (D.C. Cir. 2002) (holding that district court had erred in granting defendant's motion to dismiss for lack of personal jurisdiction without permitting plaintiff to undertake discovery as to defendant's cyberspace contacts with the forum). See also Sony Music Entertainment Inc. v. Does 1-40, 326 F.Supp.2d 556 (S.D.N.Y. 2004) (rejecting Jane Doe motion to quash based on absence of personal jurisdiction as premature). The unsupported assertions in defendant Doe #4's affidavit that he or she does not live in the District of Columbia and has little contact with the District are insufficient alone to demonstrate that Doe #4 lacks the requisite contacts.

It appears that Doe #4 would prefer that defendant never know his or her identity, an understandable preference where one is being sued in circumstances like these.  In this case and in this age of computers and Internet identities, however, Doe #4 has already been identified, albeit by a unique number, and cannot circumvent his or her responsibilities as a defendant in this lawsuit by making this motion.  The Court notes that Doe #4's motion to quash was filed anonymously with the Court and that the Court itself does not have the means to communicate with Doe #4 in any way.  This is not an adequate basis on which to make a decision with respect to whether the Court has personal jurisdiction over Doe #4 and is not a sufficient justification to grant Doe #4's motion to quash.  Plaintiffs must be allowed to conduct jurisdictional discovery, including discovery of Doe #4's name and address through this subpoena, so that they may better respond to Doe #4's jurisdictional defense and so that the Court can evaluate the contacts between Defendant Doe #4 and this forum.

### III.  CONCLUSION

The Court finds that defendant Doe #4's motion to quash based on the asserted absence of personal jurisdiction is premature.  The Court simply cannot resolve the matter without further information and jurisdictional discovery.  Accordingly, it is hereby

ORDERED that Doe #4's motion to quash due to lack of personal jurisdiction [6] is DENIED without prejudice.

SO ORDERED.

                _____/s/_____
                PAUL L. FRIEDMAN
                United States District Judge

DATE:  February 27, 2006